101104
PRB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TOLEDO, OHIO

Patrick Collins Inc.,   Case No. 11-CV-01728

    Plaintiff,   Judge James G. Carr

v.   **STIPULATION AND ORDER**

Does 1-35,

    Defendants.

Now come Plaintiff Patrick Collins, Inc. and Interested Party Buckeye Cablevision Inc. (Buckeye), by and through counsel, and in conjunction with matters discussed at this Court's December 5, 2011 status conference, hereby stipulate and agree to the following procedures respecting Plaintiff's request for pre-conference discovery and related subpoenas:

    1.    Plaintiff may immediately serve a Rule 45 subpoena on Buckeye to obtain the following information respecting the IP address corresponding to John Doe 1 (hereafter Doe 1) as described in Plaintiff's complaint:

    (A)    Name;

    (B)    Address;

    (C)    Length of service (including start date) and types of service utilized;

    (E)    Telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address.

The subpoena shall have a copy of this stipulation and order attached.

2. Buckeye will have 30 days after service on it of any such subpoena to serve Doe 1 with a copy of that subpoena along with a copy of this stipulation and order. Buckeye may serve Doe 1 using any reasonable means, including written notice to his or her last known address, transmitted either by first-class mail or via overnight service.

3. Doe 1 shall have 30 days from the date of service upon him or her of that subpoena and its attachments to file any motions with this Court contesting that subpoena, including any motions to quash or modify the subpoena. If that 30 day period lapses without Doe 1 contesting the subpoena, Buckeye shall have 10 days to produce the information responsive to the subpoena to the Plaintiff with notice issuing to Doe 1.

5. On receipt of any Rule 45 subpoena Buckeye will advise plaintiff of its reasonable costs and charges incurred in responding to the subpoena. Plaintiff agrees to forward payment of those costs to Buckeye before Buckeye forwards its response, and Buckeye's 10 day period to produce information pursuant to the subpoena shall not begin until Buckeye's receipt of that payment.

6. Buckeye shall preserve any subpoenaed information pending the resolution of any timely filed motion(s) to quash or modify.

7. Any information disclosed to the Plaintiff in response to any Rule 45 subpoena issued to Buckeye shall be treated by Plaintiff as confidential and may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

6. In addition, Plaintiff shall not publically disclose the information provided pursuant to any subpoena issued to Buckeye until Doe 1 has had the opportunity to file a motion with this court asking for leave to proceed in this litigation

2

anonymously and until that motion has been ruled on by the court. If Doe 1 fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire.

Date:_____  /s/ Jeffrey G. Simpson, Jr.
Per Phone Consent on 12/15/11
Attorney for Plaintiff

Date:_____  /s/ Paul R. Bonfiglio
Paul R. Bonfiglio
Attorney for Interested Party,
Buckeye Cablevision Inc.

IT IS SO ORDERED.

Date: December 23, 2011  /s/ James G. Carr
JUDGE